IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

YUSUF A. BRYANT                                                    PLAINTIFF

VERSUS                              CIVIL ACTION NO.  1:12cv0002-HSO-JMR

MUNICIPAL COURT OF GULFPORT, MS;
FELICIA DUNN BURKS, Municipal Court Judge;
KIRK CLARK, Prosecutor; and
J. DEARMON, Officer, Badge # 6551                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE

BEFORE THE COURT is the Motion [7] of Defendants, Municipal Court of Gulfport, Mississippi, Municipal Judge Felicia Dunn Burks, Municipal Prosecutor Kirk Clark, and Bailiff and Warrant Officer Jay Dearmon, to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56.  Plaintiff Yusuf A. Bryant has filed a Response [9], and Defendants a Reply [10].  Plaintiff filed a second Response [11], following Defendants' Reply, and Defendants have filed a Motion to Strike [12] Plaintiff's second Response [11].  Plaintiff has not responded to Defendants' Motion to Strike [12].

After consideration of the parties' submissions, the record, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Defendants' Motion for Summary Judgment [7] should be granted, and Defendants' Motion to Strike [12] should be denied as moot.

I. <u>BACKGROUND</u>

On September 1, 2011, Judge Fant Walker of the Municipal Court of Gulfport, Mississippi, issued a warrant for Plaintiff Yusuf A. Bryant's arrest in connection with eight misdemeanor charges for alleged maltreatment of animals on his property.  Warrant [7-2], Ex. B to Defs.' Mot. to Dismiss [7].  Defendant Jay Dearmon, a law enforcement officer for the City of Gulfport, executed the warrant on September 8, 2011.  Aff. of Jay Dearmon [7-6] at p. 2, Ex. F to Defs.' Mot. to Dismiss [7].  On October 28, 2011, Plaintiff's case was tried before Municipal Court Judge Felicia Dunn Burks.  Judgment [7-3], Ex. C to Defs.' Mot. to Dismiss [7].  Municipal Prosecutor Kirk Clark presented the case on behalf of the City of Gulfport.  Pl.'s Compl. [1] at p. 3; Defs.' Mot. to Dismiss [7] at p. 2.  Plaintiff was convicted of seven of the misdemeanor charges.  Judgment [7-3], Ex. C to Defs.' Mot. to Dismiss [7].  He was not convicted on one charge of animal cruelty.  *Id.*  He appealed his convictions to the County Court of Harrison County, Mississippi, but later withdrew his appeal.  Order [7-5], Ex. E to Defs.' Mot. to Dismiss [7].  Thus, his convictions are final.

Aggrieved by the results of the proceedings in Municipal Court, Plaintiff next commenced this action, pursuant to 42 U.S.C. § 1983, contending that his convictions were unconstitutional.  Pl.'s Compl. [1] at p. 1.  He seeks over ten million dollars in damages, and advances claims against the Municipal Court, Judge Burks, Prosecutor Clark, and Officer Dearmon.  *Id.* at pp. 1, 4.  In his Complaint, Plaintiff claims that Officer Dearmon, and presumably all Defendants,

2

"infringed on [his] life, liberty, property, and pursuit of happiness without [his] consent or warrant or contract . . . ." *Id.* at 2.  He contends that Officer Dearmon "violat[ed] the separation of powers" "when she [sic] (an executive officer) made the complaint [against him, and then] testified to the judicial branch of Government against [him]." *Id.* at p. 1.

Plaintiff maintains that his convictions are invalid because he requested, but did not receive, discovery from the City, or physical documentation that the Municipal Court had jurisdiction.  *Id.* at p. 2.  He argues that he should not have been prosecuted because he "did not consent to any Contract with the Municipal Court of Gulfport."  *Id.* at 3.  He also asserts that he should not have been prosecuted because he offered a notarized "Security Agreement" into evidence during the Municipal Court proceedings, wherein he attested that he is "not subject to any government statutes or defacto government or corporate laws . . . ."  *Id.* at 3; Security Agreement [1-5], Ex. D to Pl.'s Compl. [1].  In his Response to Defendants' Motion, Plaintiff raises additional claims, including that the contents of the arrest warrant were inadequate, and that Mississippi's animal cruelty statute, Miss. Code Ann. § 97-41-1, is unconstitutional.  Pl.'s Resp. [9] at pp. 2-5.[1]

Defendants have filed a Motion to Dismiss [7], or alternatively for Summary Judgment.  They argue that Judge Burks, Prosecutor Clark, and Officer Dearmon are immune from suit.  Mot. to Dismiss [7] at pp. 2-3.  They further maintain that

---

[1]Plaintiff was charged pursuant to Gulfport City Ordinances, and not pursuant to Miss. Code Ann. § 97-41-1.

the Municipal Court of Gulfport is not a legally cognizable entity capable of being sued. *Id.* at p. 3.

## II. DISCUSSION

### A.  Defendants' Motion to Strike

Plaintiff filed a Response [9] to Defendants' Motion, and subsequently a second Response [11] after Defendants' Reply [10].  Defendants have filed a Motion to Strike [12] Plaintiff's second Response [11].  Plaintiff has not responded to Defendants' Motion to Strike [12].  Pursuant to Local Uniform Civil Rule 7, the only memoranda authorized in connection with a dispositive motion are an initial memorandum in support of the motion, a memorandum in opposition by the respondent, and a rebuttal by the movant.  L.U. Civ. R. 7(b)(4).  Plaintiff did not seek leave of Court before filing his second Response [11], and it is not properly before the Court.  Nevertheless, the Court has reviewed and considered Plaintiff's second Response [11], and the documents submitted therewith.  These items do not alter the Court's resolution of this matter.  Defendants' Motion to Strike [12] will be denied as moot.

### B.  Defendants' Motion to Dismiss, or Alternatively for Summary Judgment

#### 1.  Legal Standard

Defendants' Motion [7] is styled as one to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively as a Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56.  Federal Rule of Procedure 12(d) provides: "If on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are

presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). A district court has "complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion." *Isquith v. Middle S. Utils., Inc.,* 847 F.2d 186, 194 n.3 (5th Cir. 1988). In this case, the Court in its discretion will consider matters outside the pleadings, and will treat Defendants' Motion as one for Summary Judgment.

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "[i]f the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Melton v. Teachers Ins. & Annuity Ass'n of America,* 114 F.3d 557, 560 (5th Cir. 1997)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). In deciding whether summary judgment is appropriate, the Court views facts and inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010). However, if the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co,* 671

5

F.3d 512, 516 (5th Cir. 2012)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  "[M]ere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

"There is no material fact issue unless the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *RSR Corp.*, 612 F.3d at 858. "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law.  An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Hamilton*, 232 F.3d at 477 (citing *Anderson*, 477 U.S. at 248).  "The court has no duty to search the record for material fact issues." *RSR Corp.*, 612 F.3d at 858.  "Rather, the party opposing summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim." *Id.*

2.     Whether Judge Burks is Immune from Suit

The case law is settled that a judge enjoys absolute immunity from suit when performing within his or her judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 360 (1978).  Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Forrester v. White*, 484 U.S. 219, 220-21 (1988).  In *Ballard v. Wall*, 413 F.3d 510 (5th Cir. 2005), the Fifth Circuit announced a four factor test to determine whether a judge acted within the scope of his or her judicial capacity: "(1) whether

the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Id.* at 515.

Applying the four factors set forth in *Ballard* to the instant case, it is clear that Judge Burks is entitled to judicial immunity.  Plaintiff complains of acts which Judge Burks performed on the bench, in her official capacity as a judge, while presiding over a case pending before her.  Judge Burks had jurisdiction to adjudicate the misdemeanor charges lodged against Plaintiff pursuant to Mississippi Code Annotated § 21-23-7, which vests municipal judges with "jurisdiction to hear and determine, without a jury and without a record of the testimony, all cases charging violations of the municipal ordinances and state misdemeanor laws made offenses against the municipality and to punish offenders therefor as may be prescribed by law."  MISS. CODE ANN. § 21-23-7(1).  Because Judge Burks clearly acted within her judicial capacity, and had jurisdiction to do so, as a matter of law she is absolutely immune from suit.  Plaintiff's claims against Judge Burks should be dismissed.

    3.    Whether Prosecutor Clark  is Immune from Suit

A prosecutor is absolutely immune from liability under 42 U.S.C. § 1983 with respect to activities that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976).  "Conduct falling

7

within this category is not limited 'only to the act of initiation itself and to conduct occurring in the courtroom,' but instead includes all actions 'which occur in the course of [the prosecutor's] role as an advocate . . . .'" *Cousin v. Small,* 325 F.3d 627, 632 (5th Cir. 2003)(citing *Buckley v. Fitzsimmons,* 509 U.S. 259, 272 (1993)).

Plaintiff complains of acts by Prosecutor Clark, all of which he performed in the courtroom as an advocate for the City, while presenting the City's case against Plaintiff.  Prosecutor Clark is unquestionably immune from suit, and Plaintiff's claims against him should likewise be dismissed.

4.    Whether Officer Dearmon is Immune from Suit

A court officer "acting within the scope of his authority is absolutely immune from a suit for damages to the extent that the cause of action arises from his compliance with a facially valid judicial order issued by a court acting within its jurisdiction." *Mays v. Sudderth,* 97 F.3d 107, 113 (5th Cir. 1996).  The officer's immunity derives from that of the issuing judge.  *Id.* at 114.

Plaintiff alleges in his Complaint that Officer Dearmon "violat[ed] the separation of powers" "when she [sic] (an executive officer) made the complaint [against him, and then] testified to the judicial branch of Government against [him]."  Pl.'s Compl. [1] at p. 1.  In support of their Motion, Defendants have offered Officer Dearmon's affidavit.  Aff. of Jay Dearmon [7-6], Ex. F to Defs.' Mot. to Dismiss [7].  Officer Dearmon attests to a lack of involvement with Plaintiff, other than the service of the arrest warrant and possibly serving as Bailiff during Plaintiff's trial.  *Id.*  The affidavit avers that Officer Dearmon did not sign or

8

execute the affidavit that served as the basis for Plaintiff's charges, did not participate in the investigation leading to the charges, and did not testify against Plaintiff.  *Id.* at pp. 2-3.  In his Response to Defendants' Motion, Plaintiff concedes that he does not know the name of the officer who testified against him.  Pl.'s Resp. [9] at p. 4.  He nevertheless contends that Officer Dearmon "was the one that filed animal cruelty charges [against him]." *Id.*  He has offered no proof, only unsupported allegations, to substantiate this contention.  Moreover, the arrest warrant itself reflects that the charges were based upon the affidavit of Officer Gwen Wilder.  Warrant [7-2], Ex. B to Defs.' Mot. to Dismiss [7].

Plaintiff also argues that the arrest warrant was invalid because it "must be signed with a wet blue ink signature by a sitting judge who must have currently taken a constitutional oath of office which is on file and produce certified proof of a valid bond to indemnify the party to be taken into custody."  Pl.'s Resp. [9] at p. 3. He maintains that a warrant "must contain an affidavit executed under oath by the accuser, stating first hand facts which constitute a capital crime causing loss or damage to a named party." *Id.*

This claim that the arrest warrant was facially invalid was not pled in Plaintiff's Complaint.  "A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." *Cutrera v. Bd. of Sup'rs of Louisiana State Univ.,* 429 F.3d 108, 113 (5th Cir. 2005)(citing *Fisher v. Metropolitan Life Ins. Co.,* 895 F.2d 1073, 1078 (5th Cir. 1980)).  For this reason, Plaintiff's argument that the warrant was facially invalid

9

is insufficient to overcome absolute immunity as to Officer Dearmon.  Even if it had been properly pled, this claim could not survive summary judgment on its merits because Plaintiff has offered no authority to support his position that the arrest warrant was required to be signed in "wet blue ink" by a sitting judge who must "produce certified proof of a valid bond."  As for his contention that a warrant "must contain an affidavit," the arrest warrant does reference the affidavit of Officer Wilder as the basis for the charges.

Based on the record evidence, Officer Dearmon did nothing more than act pursuant to a facially valid judicial order issued by a court with jurisdiction to do so.  Officer Dearmon is therefore absolutely immune from suit, and Plaintiff's claims against him should be dismissed.

    5.    <u>Whether Gulfport Municipal Court is a Legally Cognizable Entity</u>

Plaintiff has also named the Municipal Court of Gulfport, Mississippi, as a Defendant.  Pl.'s Compl. [1] at p. 1.  Defendants request that the Municipal Court be dismissed, because it is not a legally cognizable entity and has no legal capacity to be sued.  Defs.' Mot. to Dismiss [7] at p. 3.

The Fifth Circuit has explained that

> [t]he capacity of an entity to be sued is determined "by the law of the state where the court is located."  FED. R. CIV. P. 17(b); *see also Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313 (5th Cir. 1991).  In order for a plaintiff to sue a department of a city, that department must enjoy a separate legal existence. *Darby,* 939 F.2d at 313.  Unless the political entity that created the department has taken "explicit steps to grant the servient agency with jural authority," the department lacks the capacity to sue or be sued.  *Id.*

*Crull v. City of New Braunsfels, Tx.,* 267 F. App'x 338, 341-42 (5th Cir. 2008).

Plaintiff has submitted no proof or legal authority supporting the proposition that the City of Gulfport has designated the Municipal Court as an independent entity that may sue and be sued. The Municipal Court is not a political subdivision in and of itself, but rather is merely a department of the City of Gulfport. *See Smith v. City of Gulfport, Miss.,* No. 1:09cv423-HSO-JMR, 2011 WL 5035976, *10 (S.D. Miss. 2011)(holding that the Gulfport Police Department was not a proper party because it is a department of the City of Gulfport and not a political subdivision or legal entity in and of itself). The Municipal Court is not a proper party and should be dismissed as a Defendant.

6.   Whether *Heck v. Humphrey*, 512 U.S. 477 (1994), Bars Plaintiff's Suit

Plaintiff's suit is also subject to dismissal because it is nothing more than an attempt to relitigate his Municipal Court case. Plaintiff had the opportunity to challenge his convictions by directly appealing to the County Court. He withdrew his appeal. Order [7-5], Ex. E to Defs.' Mot. to Dismiss [7]. "[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, . . ., a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). A conviction "that has *not* been so invalidated is not cognizable under § 1983." *Id.* at 487 (emphasis supplied). Plaintiff's convictions have not been

reversed or otherwise invalidated, such that any claims based upon the conduct underlying those convictions are precluded by *Heck v. Humphrey,* 512 U.S. 477 (1994).

### III.  CONCLUSION

For the foregoing reasons, Plaintiff cannot maintain this § 1983 civil action against Defendants.  Accordingly,

**IT IS, ORDERED AND ADJUDGED** that, the Motion to Dismiss or alternatively Motion for Summary Judgment [7], of Defendants, the Municipal Court of Gulfport, Mississippi, Municipal Judge Felicia Dunn Burks, Municipal Prosecutor Kirk Clark, and Bailiff and Warrant Officer Jay Dearmon, is **GRANTED**, and Plaintiff's claims against these Defendants are dismissed with prejudice.  The Court will issue a separate final judgment in accordance with Federal Rule of Civil Procedure 58.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendants' Motion to Strike [12] is **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED**, this the 24th day of September, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE